PROPRIETORS OF ORE BED (LIVINGSTON v.). See Case No. 8,418.

---

## Case No. 11,443.

### The PROSPECT.

[3 Blatchf. 526.] [1]

Circuit Court, S. D. New York. Sept., 1856.

MARITIME LIENS—SUPPLIES—CREDIT TO OWNER—BURDEN OF PROOF—DELAY IN ENFORCING LIEN.

1. In a libel in rem against a vessel for supplies furnished, the burden lies upon the claimant to show that the credit was given not to the vessel but to her owner.

[Cited in The Washington Irving, Case No. 17,244.]

2. In order to make out a case that will avoid a lien against a vessel because of delay in enforcing it, there must be something more than mere lapse of time—unless the delay be such that the court, in analogy to the statute of limitations, would hold the debt barred—there must be unreasonable neglect and delay, operating to the prejudice of third persons, after opportunities have existed to enforce the lien.

[Cited in The Norfolk, Case No. 10,297; The E. A. Barnard, 2 Fed. 722; The Bristol, 11 Fed. 163; The Tonawanda, 27 Fed. 576.]

[Cited in Sinton v. The R. R. Roberts, 46 Ind. 487.]

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in rem, filed in the district court, against the bark Prospect, a foreign vessel, for supplies furnished to her in June and July, 1851, amounting to $455.27. After a decree by the district court in favor of the libellants [case unreported], the claimants appealed to this court.

Erastus C. Benedict, for libellants.

Welcome R. Beebe and Charles Donohue, for claimants.

NELSON, Circuit Justice. The main defence in this case is, that the supplies were furnished on the credit of the owners of the vessel. But the bill for them was charged and rendered, in the usual way, against the vessel and owners; and there is nothing in the proofs sufficient to rebut or disprove the presumption of law, arising out of the transaction, that the credit was given to the vessel. The burden lay upon the claimants to show affirmatively that it was given, not to the vessel, but to the owners.

It is further insisted, that there has been great and unreasonable delay in enforcing the lien, and that, in the mean time, a portion of the interest in the vessel has passed by transfer into the hands of bonâ fide purchasers, and that it would be inequitable and unjust, under these circumstances, to enforce the lien. The burden of this ground of defence, also, rests upon the claimants. They must make out such laches as would in law operate to forfeit the lien. On looking into the proofs, I find no such evidence in the case. The vessel left the port soon after the stores were furnished, and, for aught that appears, this libel was filed at the first opportunity that was afforded after her return. In order to make out a case that will have the effect to avoid a lien, from delay in enforcing it against a vessel, there must be something more than mere lapse of time—unless, indeed, the delay be such that the court, in analogy to the statute of limitations would hold the debt to be barred—there must be unreasonable neglect and delay, operating to the prejudice of third persons, after opportunities have existed to enforce the lien.

I think that the decree below is right and should be affirmed.

---

PROSPECT. The (PERKINS v.). See Case No. 11,443.

PROSPERITY, The (KELLEY v.). See Case No. 7,660.

PROTECTION INS. CO. (BULKLEY v.). See Case No. 2,118.

PROTECTION INS. CO. (CLARK v.). See Case No. 2,832.

PROTECTION INS. CO. (CLARKE v.). See Case No. 2,860.

PROTECTION INS. CO. (NEW YORK STATE MARINE INS. CO. v.). See Case No. 10,216.

---

1 [Reported by Samuel Blatchford. Esq.. and here reprinted by permission.]